Tilghman C. J.
(After stating the case.)- It is not contended by the counsel- for the plaintiff in error, that the refe *532 rees had a right to deprive the plaintiff of any part of his costs, if the amount of the sum awarded carried costs. But they rely on the act of assembly of 27th March, 1804, which denies costs to a plaintiff recovering not more than 100 dollars, unless he makes affidavit, at the commencement of his action, that he believes he has a right to recover more than 100 dollars. It is well settled, that although the plaintiff does not recover more than 100 dollars, he shall have his costs, if he had a good cause of action for more than 100 dollars, which was reduced to. 100 dollars or less, by a set off. The reason is, that the defendant might avail himself of the set off, or not, at his pleasure, and therefore the plaintiff could not safely bring his action before a Justice of the Peace, who has no jurisdiction, beyond the sum of 100 dollars. But the defendant denies that the plaintiff’s demand was reduced by a set off. The deductions claimed by the defendant, were principally on account of the badness of the coal made by the plaintiff, in consequence of which the defendant’s works were stopt for a considerable time to his great damage ; and this, it is contended, might be given in evidence under the plea of non-assumpsit, without a s.et off. The Court of Common Pleas having decided that the plaintiff’s demand was reduced by a set off, we ought to suppose that they enquired into that matter, and were satisfied of it. And this they might have done, by calling the referees before them, and examining them, which would not appear on the record. It does appear, however, by the papers sent up with the record, that defendant exhibited some charges^ which were proper subjects of set off; such as payments to third persons of- money due to them from the plaintiff. When the parties appear before referees, many things take place which are not introduced into the record. This Court has no opportunity of knowing these things; but the Court of Common Pleas has ; and, whenever it is necessary, they enquire into them by parol evidence. Now this question of costs having been brought before the Court of Common Pleas,, and they having decided that the plaintiff’s demand was reduced by a set off, we cannot say there was error, unless we perceive it on the face of the record. This I cannot perceive, because I am not fully informed of the defence made by the defendant before the referees. I cannot say, therefore, that there is error. My opinion is that the judgment should be affirmed.
*533 YeaTes J.
The law is correctly stated in Cooper v. Coates, 1 Dall. 308. that a set off, reducing the plaintiff’s demand, will not affect his right to recover costs, although a payment on the foot of the contract sued for must necessarily produce that effect. The several accounts of the parties are agreed to be considered as parts of the record. But judging from these alone, we cannot decide how far any items of defalcation have been allowed by the referees. This we lenow, that se* veral articles claimed in the account of Spear, such as cash paid for the taxes of Jamieson, for washing, See. were merely set offs, and if a single cent was allowed for them, the latter would be entitled to costs. We are not, however, left to conjecture. The Court of Common Pleas possessed full means of information on this subject, either from the admission of the parties, or the testimony of the referees. It lay with them to approve or disapprove of the award, and they have rendered judgment for the plaintiff below, with full costs, stating it in the record that it was a case of set off. I feel no difficulty in asserting that we are concluded by their decision on this fact, and it follows of course that their judgment was correct, and should be affirmed.
Gibson J. concurred.
Judgment affirmed.