*SADLER *against* SLOBAUGH.

*Chambers-*
*burg.*

IN ERROR.

*Monday,*
September 29. ERROR to the Court of Common Pleas of *Adams*
county.

Where the plaintiff brought debt in the Common Pleas on a single bill for 100 dollars due on the sale of a horse, and the defendant set up a warranty of the horse, and breach thereof, in consequence of which the jury gave the plaintiff a verdict for 85 dollars and 31 cents, and six cents costs, the plaintiff was held to be entitled to full costs.

*Henry Slobaugh*, the plaintiff in the Court below, brought an action of debt on a single bill for 100 dollars, against *Isaac Sadler*. The single bill was given for a horse, sold by the plaintiff to the defendant, and the debt, including interest, would have amounted to more than 100 dollars, but the defendant gave in evidence the plaintiff's warranty of the horse, and a breach of the warranty. In consequence of which the jury struck off part of the plaintiff's debt, and gave him a verdict for 85 dollars, 31 cents, damages, and 6 cents costs. On this verdict the Court gave a judgment for full costs, and these circumstances were certified on the record. Whether the plaintiff was entitled to costs was the question.

*Watts*, for the plaintiff in error.

*Metzgar*, contra.

TILGHMAN C. J. · (After stating the case.) By the 1st section of the act of 20th *March*, 1810, (5 *Sm.· L.* 161.) justices of the peace have jurisdiction of all causes of action arising on contract, (with certain exceptions,) where the sum demanded is not above 100 dollars. And by the 26th section of the same act, any person who shall bring suit in Court, for a debt or demand made cognisable by the justices, by the 1st section, is debarred from costs, unless before the issuing of the original writ, he files in the office of the prothonotary, his oath or affirmation, that he verily believes, " the debt due, or damages sustained, exceed the sum " of 100 dollars." In this case no oath or affirmation was filed, and, therefore, the defendant contends, that the plaintiff was not entitled to costs. On the other hand, the plaintiff says, that he is entitled to full costs, because his cause of

action amounted to more than 100 dollars, and he should have recovered more, had it not been for the set-off of the plaintiff, which it was in the defendant's power to make or not, at his pleasure, and for this he relies on the case of *Brailey* v. *Miller*, 2 *Dall.* 74. To this the defendant answers, that it was not at his option, to make or withhold his set-off; because by the 7th section of the before-mentioned act of assembly, " a defendant who shall neglect or refuse, " in any case, to set-off his demand, whether founded upon " bond, note, penal or single bill, writing obligatory, book ac- " count, or damages on assumption against a plaintiff, *which* " *shall not exceed the sum of* 100 *dollars*, before a justice of " the peace, shall be for ever barred from recovering against " the party, plaintiff, by any after suit." The *demand* of the defendant against the plaintiff, in this case, was not for any certain sum of money. It might be for more than 100 dollars ; but whether he should recover more or less than 100 dollars, would depend on the opinion of those who should decide the cause. It does not seem to be a case, therefore, within the meaning of the 7th section of the act. If the plaintiff had brought suit before a justice, the defendant might have declined making a set-off of his warranty, alleging, that he demanded more than 100 dollars, for breach of it. The consequences would have been, that the justices' jurisdiction would have failed, because the plaintiff's debt on the single bill, including interest, would have amounted to more than 100 dollars. And if the defendant had afterwards brought a suit in Court, on the plaintiff's warranty, laying his damages at more than 100 dollars, the 7th section of the act of assembly would not have prevented his recovering. This being the case, the plaintiff's demand on the single bill, was not within the jurisdiction of a justice, or at least it was in the power of the defendant to oust the justice of his jurisdiction; consequently it falls within the reason of the case of *Brailey* v. *Miller*. I am, therefore, of opinion that the judgment should be affirmed.

GIBSON J. Before the act compelling a defendant to set off his claim wherever it should not exceed the limit of the jurisdiction of a justice of the peace, a plaintiff, whose claim exceeded one hundred dollars, could never, where there was a cross demand, sue with safety, except in Court : for if the

1817.

SADLER
v.
SLOBAUGH.

defendant omitted to defalk, the jurisdiction could be pre-served only by bestowing him a credit, large enough to cover the excess. But the plaintiff must have done that at his peril; for a gratuitous credit, thus allowed, would not have been a bar, *pro tanto*, to an after suit by the defendant: so that the plaintiff would, in all probability, have lost by the operation, a sum equal to the difference between the extent of his demand and the limit of the justice's jurisdiction. On the other hand, if he had sued in court, he would not have been safe if the usual affidavit had been required; for whether he should recover a sum beyond the jurisdiction of a justice would depend upon whether the defendant would use his set-off or not, being a matter exclusively within his own controul. The plaintiff, therefore, could not well make oath of even his own *belief*, as to what would be the result. The consequence was, that as he could not sue before a justice, without being exposed to an almost inevitable loss of part of his demand, he recovered full costs in court, though his demand were reduced by set-off to a sum within the jurisdiction of a justice. For the purpose of obviating this difficulty, as far as that is practicable, the seventh section of the one hundred dollar act, *compels* the defendant to set-off his claim if it be for a sum within the jurisdiction of the justice. Technically speaking, I will not say that unliquidated damages can, under our defalcation act, be the subject of set-off at all; yet, as a warranty may, at the option of the defendant, be either set up as a *defence* going to the consideration of the *assumpsit*, or reserved for the foundation of a separate action, I think it thus far within the mischief intended to be remedied by the act. But it is material to inquire whether the act does not, for other reasons, embrace only *liquidated* cross demands. The act speaks of a set-off under one hundred dollars; and as every unliquidated sum must necessarily be indefinite, as to amount, liquidation may be thought necessary to give the justice jurisdiction of the defendant's claim; but as that provision appears intended to prevent an improper assumption of jurisdiction, the objection might, perhaps, be obviated where the defendant did not pretend that his claim, though otherwise indefinite, exceeded one hundred dollars. Still, however, as to uncertainty of result, a plaintiff labours under the same difficulties, arising from unliquidated cross demands, that he did before the act was

passed, and is, where they occur, entitled to the same indulgence. How could the plaintiff, in this case, conscientiously make the affidavit required, in other cases, by law? He held the defendant's note for a sum which, including interest, exceeded one hundred dollars; and he might, or might not, as a jury should determine, be answerable on his warranty. But take it, he was conscious *some* damages ought to be assessed against him: how was he to tell the amount? A jury might allow but a cent. Hence, if he had sued before a justice, and given credit for whatever his demand exceeded the jurisdiction, he might have allowed the defendant more for his damages than a jury would be disposed to give; and thus have been deprived of the chance, he would have had in court, of recovering more than one hundred dollars. Where, however, a set-off is of definite amount, the plaintiff must know, with reasonable certainty, the amount of the balance due him, and, of course, be able to make the necessary affidavit, in case it should exceed the limit of a justice's jurisdiction; or allow the proper credit, without hazard of injustice to himself, in case it should fall within it. I therefore think this provision of the act is applicable only to cases of defalcation of a definite sum; and that the law in all cases of unliquidated cross demands remains as it was before. On this ground the Court below was right in allowing the plaintiff costs.

Duncan J. gave no opinion, having been counsel in the cause.

Judgment affirmed.