The opinion of the court was delivered by
Tod, J.
The question is, are the plaintiffs entitled to costs? It is remarkable that this provision in the 26th section of the one hundred dollar law, relative to costs, has continued to be the statute law of Pennsylvania in the identical words in which it now *254 appears, excepting the sum, for more than eighty years, being first; inserted in the act of assembly, passed in 1745, giving jurisdiction to justices of the peace in cases of debt to the amount of five pounds. The construction put upon it, as appears to be conceded, hitherto, invariably has been, that a plaintiff, though filing no affidavit, was not to lose his costs of suit in consequence of a reduction of his claim to a sum within a justice’s jurisdiction, by the set-off of the defendant. It is contended that this construction of the law ought now to cease, because the reason of it has ceased; for by the 7th section of the same act of the 20th of March, 1810, (5 Sm. L. 165,) it is provided that any defendant neglecting or refusing to set-off before the justice a demand which he may have against the plaintiff, not exceeding one hundred dollars, shall be for ever barred from recovering it by any subsequent suit. My opinion is, that the plaintiffs are entitled to costs. I rely upon the decision of this court in the case of Sadler v. Stobaugh, (3 Serg. & Rawle, 388,) in which, as in this case, the 7th section of the one hundred dollar act was solely relied on, as changing the old con-, struction of the law. The plaintiff in that case, sued in court without a previous affidavit: his demand was reduced to less than one hundred dollars by a set-off; and he was allowed his costs. Upon principle only, without any authority, the reasons would be strong for coming to the same conclusion in this case. It cannot, I think, well be believed, when the legislature in 1810, re-enacted the provisions of the law of 1745, relative to costs, that they did not thereby intend to adopt the ancient, uniform, and notorious construction which had been put upon the same words by the courts of law. If they intended a repeal they would probably have said it, and not ■have left a question of every day’s occurrence to remote and doubtful implication. Besides, by the express terms of the act, the necessity on a defendant of producing his set-off before the justices, is contingent only: if he offers or alleges a claim exceeding one hundred dollars, the justice dismisses the whole matter of set-off at once without any further inquiry.' Nor is there, in my apprehension, any practical inconvenience to induce us to change the old rule if we had the power. Where suits are commenced in court, and sums under one hundred dollars recovered, if the plaintiff has neglected to file the previous affidavit, it has been generally, perhaps because he was wholly unconscious of the probability of any such reduction of his demand. Bills, bonds, notes, or other matters of set-off may be in a defendant’s hands without the plaintiff’s knowledge. Negotiable paper may be transferred to or from a party for the very purpose of meeting a question of costs. In fact, a case may happen, in which a man cannot take a positive oath that he truly believes more than one hundred dollars to be due to him, nor yet can sue before a justice without the risk of abandoning part of his claim, nor in court without the risk of paying costs; unless we adhere to the former decisions, and say that by the spirit and in *255 tent of the law, his right to costs is not affected by the operation of a mere set-off.
Judge Duncan, who, from sickness, is not in court to day, has authorized me to say that he concurs in this opinion.
Rogers, J., concurred.
Gibson, C. J.
Previous to the act of the 20th of March; 1810, a plaintiff who brought his action in the Court of Common Pleas, but whose demand was reduced to the limits of a justice’s jurisdiction by set-off, nevertheless had judgment for costs, as he could not have sued before a justice without giving up a part of his demand, sufficient to give the latter jurisdiction; and for this he would not have'been entitled to an allowance in an action by the defendant: so that his loss would just have been what his demand exceeded the magistrate’s jurisdiction. On the other hand, if he brought his action in the Court of Common Pleas, he could not. secure himself against the loss of costs, by making the affidavit required by law, that he believed he was entitled to recover a sum above a magistrate’s jurisdiction: for that would depend on a contingency not within his control; the exercise of the right of defalcation. He was, therefore, on the horns of a dilemma. If he sued before a justice, the defendant, by refusing his cross demand, might oust the justice of jurisdiction, and, if he brought his action in the Court of Common Pleas, the defendant might reduce his demand below an amount for which, without making oath of a fact to which he could not conscientiously swear, he was not by the letter of the law entitled to costs. In such a case, therefore, there would have been an absolute failure of justice, had not the court dispensed with the affidavit; and this is expressly given as the reason of the decision in Cooper v. Coales, (1 Dall. 308,) Brailey v. Miller, (2 Dall. 74,) and Spear v. Jamieson, (2 Serg. & Rawle, 530.) Thus stood the law under the former acts of assembly. But when the legislature came .to pass the act of 1810, having these decisions before their eyes, and being determined to get rid of every pretext for eluding its provisions, they demolished one horn of the dilemma at a blow, by making it the duty of the defendant to set off his cross demand before the justice, on pain of being barred in any future suit. That this was actually the intention, is put beyond doubt, by comparing the antecedent decisions with the provisions of the act, and the temper of the times. Has enough then been done to remove the difficulty that existed before? There cannot be a doubt but that there has. If the plaintiff knows that there is a cross demand for a. sum certain, let him give credit for so much, and bring suit for the residue; and thus do for the defendant all that the defendant could do for himself. If the cross demand be unliquidated, let him give credit for enough to give the justice jurisdiction, leaving the defendant to reduce it still lower, if h© can, at the hearing. If, however, he shall believe the *256 defendant not, to be entitled to an allowance sufficient to reduce the demand to the limit of a justice’s jurisdiction, he is then precisely in a condition to make the affidavit required by law, the effect of which is to entitle him to costs, no matter how small a sum he may recover. Thus he may proceed with perfect safety under any circumstances. Why then should he be excused,for having sued in the Court of Common Pleas, if he thought his demand cognizable by a justice, or without an affidavit of the contrary, if he thought it was hot? That he is bound to elect the proper tribunal at his peril where due precaution will enable him to proceed with safety, was recognized by this court in Sadler v. Stobaugh, (3 Serg. & Rawle, 388) and held in Patton v. Newel, at Sunbury in 1822, {not reported) in which the very point was decided. 1 know of no argument that can be set against this doctrine, but that there may be a set-off by assignment from a third person, of which the plaintiff was ignorant «'hen he brought suit; and it is supposed that* it would be hard to punish him for his ignorance. But, in such a case, why not make oath of his belief, as to. the amount actually due; and thus secure himself against the consequences of one of the very contingencies for which the legislature has enabled him to provide? Where he has neglected the requirements of the law in a matter completely within his power, he comes with a bad grace for a remission of the penalty. But, were it otherwise, all that could be asked would be to consider a set-off acquired by assignment, as a special case depending, as in Sadler v. Stobaugh, on its own circumstances: not that it should be deemed a sufficient cause for overturning every thing before established in respect of a different class of cases. It may be proper to remark that Spear v. Jamieson, which has been cited as an authority on the other side, depended on the acts of assembly formerly in force, the action having been brought a year before the passing of the act of 1810. For these reasons, I am of opinion that the judgment ought to be affirmed.
Judgment reversed, so far as regards the costs, and affirmed for the residue. .