The opinion of the court was delivered by
Huston, J.
The plaintiff, who was plaintiff below, produced his book of' charges for work done as a tailor — not a merchant tailor, who found the cloth and trimmings, and made the coat, &c., but one of those who, as is usual in the villages and country, in this state, make into garments the cloth brought to their shop by their customers. He proved the book to be his book of original, entries, and that the several entries were made at the time each bears date; but in answer to a question, he stated, — 1“ After I have cut out the work, and when I deliver it to the journeymen, I make the charge. The journeymen work in the house with me.” That this was the manner in which he had kept his books.
The books were rejected by the court, and exception taken.
This case has received very careful consideration; it is not clear of difficulty, and the court is not unanimous.
It has long been settled that a storekeeper’s, a tradesman’s, or a day labourer’s book of original entries of goods sold, or work done, is evidence to go to a jury; and, so far as I know, very little complaint has existed on account of such decision. In 4 Serg. & Rawle, 5, this court, as has been supposed, went one step further, ánd received a book containing entries of lime sent from a kiln to Philadelphia, to be given in evidence. These entries must have been made several hours before the delivery, and without an absolute certainty that the lime would be delivered; but it was necessary to admit such evidence, or impose difficulties on that business which would be great to the seller, and eventually increase the price to the buyer, without being of any general advantage. It is difficult to lay down any other rule than that such mode of keeping books as is usual and known to all tradesmen in the same business, and all customers, cannot be safely declared bad by a court. It is known that in some trades the work is in hands for several days, and goes through more than one hand; and if the entry is made during the period of its manufacture, or at a stated time when it has progressed a certain length, I can see no objection to it, which does not apply with equal force to the whole, and which would not *134 equally forbid entries to be made by the tradesman from being received at all.
We do not say a shopkeeper can charge goods not yet measured • or weighed off; nor a tradesman work not yet begun: but we hesitate, when it is asked of us to say, that a blacksmith who has prepared all the iron work of a wagon ready to put on the wood, and who weighs it, (it is usually done by weight,) and then charges it in his book, and proceeds to finish his work by putting it to the wood, which employs him a week, shall lose the price of his man and work, or the evidence of it, which is the same thing, or chair-maker who makes and paints the chairs, and charges them before he sends them to be gilt, shall not read his book of original entries. In the case before us we think it is governed by the case in 4 Serg. fy Rawle, before cited; and that a tradesman who makes his entries after the work is begun, gone through one hand, and is in progress with him who is to .finish it, may read his book if no other objection is made to it. Where the cloth was furnished by the customers, we may assume that he will call for the coat. In this case we think the evidence ought to have been received.
Gibson, C. J., and Rogers, J., concurred.
Tod, J., dissented.
Judgment reversed and a venire facias de novo awarded.