## Manning *against* Eaton.

If a plaintiff's demand, exceeding 100 dollars, be reduced below that sum, by evidence of his special contract to pay the debt of a third person, he is nevertheless entitled to recover costs.

ERROR to the common pleas of *Bradford* county.

Adelia Eaton against Edwin Manning and John C. Rose.

The plaintiff's cause of action was thus stated:

The defendants were attached to answer the plaintiff in a plea of trespass on the case, whereupon the plaintiff, by her attorney William Watkins, declares and says that the defendants, at Canton, in said county, heretofore, to wit on the 1st day of September 1835, in consideration that the plaintiff would sell and deliver to the defendants certain property, to wit, one yoke of oxen, three cows, five yearlings, three head of cattle three years old, and four head of cattle two years old, also one two-horse wagon and a fanning mill, the defendants undertook and faithfully promised the plaintiff to pay to her so much as the said property was worth, after deducting therefrom the amount that was due from Abel Eaton and David Eaton, and whenever the same should be required of them.   And the plaintiff alleges that she, putting confidence in the promises and undertakings of the defendants as aforesaid, made at the time and place aforesaid, sold and delivered the property aforesaid to the defendants, and that the property was worth 500 dollars; and that afterwards, to wit at the day and year aforesaid, she demanded and required the defendants to pay to her the said sum of 500 dollars after deducting the said amounts due from the said Abel and David to the defendants.   Yet the defendants, not in the least regarding their said promise and undertaking so as aforesaid made, but intending to defraud and injure the plaintiff, have never paid the same, but neglect and refuse so to do, to the damage of the plaintiff, as she says, 700 dollars.

[Manning v. Eaton.]

The cause was referred to arbitrators, who awarded for the plaintiff 51 dollars 9 cents. Motion to enter the judgment without costs. The court below (Herrick, President) entered judgment with costs.

*Overton*, for plaintiff in error. There being no *affidavit* filed, the judgment should have been without costs.

*Watkins*, contra, cited, 2 *Serg. & Rawle* 531; 1 *Watts* 39; 3 *Serg. & Rawle* 389.

The opinion of the Court was delivered by

SERGEANT, J.—Although this is not a case where the plaintiff's claim is reduced by set off, and on which costs therefore follow a verdict less than 100 dollars, yet it would seem to fall within the same principles. The plaintiff's father and brother were indebted to the defendants in several sums of money for merchandize sold to them by the defendants, the amount of which was unliquidated. The plaintiff afterwards sold to the defendants cattle and other articles, for which they agreed to pay her a sum considerably exceeding 100 dollars, deducting the amount due to them from the plaintiff's father and brother. Under this contract it was the duty of the defendants to ascertain the amount due to the father and brother, and to pay the balance to the plaintiff. After deducting that amount, they were to be the actors; it was their duty to be ready to pay the plaintiff when required; and being the creditors of the father and brother, they had the means of ascertaining and determining their debts; whereas the plaintiff was a stranger to the accounts between the parties, and had no power to liquidate them. Nor could she give the defendants a credit for any certain amount before such liquidation took place, without risk. She was therefore under a necessity of suing for the whole sum, in order that the amount to be deducted should be ascertained by legal course; and the case falls within the principle settled in cases of set off.

Judgment affirmed.