JESSE ROBERTS, Plaintiff in Error, *v.* DANIEL CARLAND, Defendant in Error.

## *Error to Douglas.*

In an action for the recovery of money or damages, if the plaintiff fail to recover fifty dollars on account of his demand, then he shall pay costs of the suit; but if he fail to recover this sum, and such failure results solely from a counter action or set-off, then, that costs shall follow judgment.

THIS action in the court below was brought by Daniel Carland against Jesse Roberts, to recover damages for the breach of a contract to manufacture and deliver flour. The plaintiff, in his original complaint, asked damages in the sum of four hundred dollars, and interest; and in his amended complaint, claimed damages in the sum of eight hundred and five dollars. The defendant admitted the detention of three thousand pounds of flour, manufactured from the wheat of the plaintiff. Verdict was rendered for the plaintiff for $22 75, and judgment was rendered for this amount, with costs of suit.

*Mosher & Chadwick*, for plaintiff in error.

WAIT, C. J. The only point assigned as error, for the reversal of the judgment of the court below, is, " that the said judgment awards the costs and expenses to the plaintiff, when it should have awarded them to the defendant." Our statute provides, (chap. 8, sec. 2,) that costs shall be allowed, of course, to the plaintiff, "in an action for the recovery of money or damages, when the plaintiff shall recover fifty dollars or more." Section four of the same act provides, " that costs shall be allowed, of course, to the defendant, in the actions mentioned in the second section, unless the plaintiff be entitled to costs therein." The true construction to be given to these pro-

visions of law is, we think, that, when a plaintiff brings suit in the Circuit Court for the recovery of money or damages, and sets out his cause of action, and makes his proof, if he fail to recover fifty dollars on account of his demand, he shall pay the costs of the suit; but, if he fail to recover this sum, and such failure results solely from a counter action or set-off, then that costs shall follow the judgment. This is the construction which has prevailed in most of our Circuit Courts, and is based, as we believe, upon principle. (*Barnard* v. *Curtis,* 8 *Mass.* 535; *Gilman* v. *Burgess,* 12 *Mass.* 206; *Muling* v. *Rife,* 3 *J. J. Marsh.* 587; *Carrington* v. *Combs,* *ib.* 308; *Brown* v. *Pollard,* 6 *J. J. Marsh.* 116; *Odell* v. *Culbert,* 9 *Watts & Serg.* 66; *Cambridge Association* v. *Nichols,* 3 *Bernard,* 248; *Benton* v. *Martin,* 4 *Miss.* 200; *Levy* v. *Roberts,* 1 *McCord,* 395; *Burbank* v. *Willoughby,* 5 *New-Hamp.* 111.)

It appears from the answer of the defendant in the court below, that the plaintiff would have been entitled to a judgment of over one hundred dollars, except for the offset interposed. The plaintiff's claim was reduced below fifty dollars by reason of the offset of the defendant. The plaintiff was entitled to costs.

Judgment is affirmed.