# Estate of William Staggers, deceased.    Appeal of R. F. Downey.

*Decedent's estate—Preferred claim for services in last illness.*

Whether or not a sickness, for which a preferred claim is advanced by a physician, was progressive from the first service rendered to the time of death is a question of fact to be determined from all the circumstances.

A claim for services and medicine furnished will be sustained as preferred, where the auditor finds the illness to have been fatal from the first and that attendance given during a year and a half of said last illness was justifiable under the circumstances.

Argued April 19, 1898.   Appeal, No. 134, April T., 1898, by R. F. Downey, a creditor, from decree of O. C. Greene Co., April T., 1897, No. 8, confirming auditor's report distributing the balance in administrator's hands.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Exceptions to auditor's report.    Before CRAWFORD, P. J.

It appears from the auditor's report that William Staggers, the decedent, for several years prior to the time of his death, had and was troubled with an organic disease of the heart called " Mitral insufficiency," which finally culminated in death. That he was treated for this disease in 1891 and 1892, down to the day of his death, by Dr. W. M. Parry. Dr. Parry offered his book account in evidence which was admitted (the character of these entries appears from the fourth assignment of error). The auditor held that the disease was a fatal one from the beginning although not of rapid culmination; that the length of time for which services were rendered was not an unreasonable one in the case of the lingering disease of which decedent died and that the whole of the claim of Dr. Parry should be allowed as preferred claim under the act of February 24, 1834.

The court awarded to Dr. Parry $93.00.    R. F. Downey, a creditor, appealed.

*Errors assigned* among others were (1) in affirming the report of the auditor in holding that the book account of Dr. Parry had been sufficiently proven. (3) In holding that the charge of April 1, 1891, in the book account of Dr. Parry against William Staggers, Sr., deceased, in words and figures as follows: " April 1st, 13th, 14th, 18th, 23—five visits & med at $2.00 per visit, $10.00 " was a proper charge and in allowing the same against the estate of said decedent. (4) In holding that the charges in the book account of Dr. William M. Parry against William Staggers, Sr., deceased, as follows: " Feb. 8, 1891, visit to self, $2.00 ; March 1, 1891, visit to self, $2.00 ; April 12, 1891, visit, $2.00 ; Feb'y 28, 1892, med. sent per M. C., $.50 ; August 28, 1892, visit & med., $2.00, and Sept. 4th, 1892, visit & med., $2.00," were proper and legal charges against said decedent's estate, the same having been made on Sunday, should have been excluded by the court. (7) In not holding that the medicine furnished by Dr. Parry and the medical attendance given by him to William Staggers, Sr., were not furnished and given in the last illness of William Staggers, Sr., and, therefore, he was not entitled to preference in payment.

*R. F. Downey*, with him *F. W. Downey*, for appellant.—We take it that Dr. Parry was only competent to prove three things, namely: 1. That these were. his books of original entry. 2. That the entries made therein to the account of Wm. Staggers, Sr., were in his handwriting. 3. That the charges made therein were made at the time they purport to have been made.

These are three essential facts to be established before the account is admissible in evidence. The burden was upon Dr. Parry to prove his account, and if he has failed to properly prove it, as we think he has failed, then the auditor should have excluded it from his consideration and should not have permitted the claim to share in the distribution.

A book of original entry means a book in which entries are made when the goods are delivered: Kunzig v. Haedrick, 2 W. N. C. 228; Walter v. Bollman, 8 Watts. 544.

Dr. Parry did not testify that he made the entries in the book nor does it appear who made the entries therein.

Lump charges were decided against in the common pleas (No. 3) of Philadelphia, in the case of White v. Wright, 1 W. N. C. 283. In Walton's Estate, 4 Kulp, 487, RHONE, J., says: "No lumping charges can be allowed without explanation."

And the Supreme Court of this state, in two cases, held the same to be the rule: Carr v. Sellers & Co., 12 W. N. C. 213; Nichols v. Haynes, 78 Pa. 174.

"1872, March 3–4, To 2 vsts, mds and vaccinating 2, $4.50" were such lumping charges as rendered the book account improper to be received in evidence. These cases are almost exactly the same in every particular as the case now before the court. If it was good law in those cases surely it is good law in this one. We refer to the cases of Birch v. Gregory, 7 W. N. C. 147, and Mathews v. Glenn, 7 W. N. C. 213.

It has been held long since in this state that contracts made on Sunday are absolutely void. A note given on Sunday was declared void: Kepner v. Keefer, 6 Watts, 231.

The auditor was in error in finding that the services were rendered during his last illness. The meaning of the term "last illness" has been the subject of five lower court decisions in this state, but I have been unable to find any Supreme Court decision on the subject.

The first decision in point of time was Reese's Estate, 2 Pearson, 482. In that case the claim was disallowed in an opinion by Judge PEARSON.

As to the value of an opinion from Judge PEARSON we refer this court to the declaration of Judge PENROSE, one of the ablest orphans' court judges in the state, in Oram's Estate, 18 Phila. 85. He says: "In Reese's Estate, Judge PEARSON, whose learning and long experience give to his opinions almost the authority of those of the court of final resort in disposing of cases of this kind," etc.

The next case decided was Duckett's Appeal, 1 Chester Co. Rep. 78. The facts in that case are very similar to the case at bar and the reasoning of Judge BUTLER is very applicable to the facts of our case.

This decision was followed by Jones's Est., 2 Chester Co. Rep. 302, deciding the other way. This was followed by Oram's Est., 18 Phila. 85, in which Judge PENROSE follows the decision in the Reese and Duckett cases.

The last utterance of the courts on this subject that we have found was in Dawson's Est., 18 Pa. L. J. (N. S.) 63, in which Judge OVER follows the opinion of Judge FUTHEY in Jones's Estate.

*J. B. Donley*, for appellee.

OPINION BY REEDER, J., July 29, 1898:

The only question raised by the assignments of error in this case is: Did the auditor properly allow to Dr. W. M. Parry his claim as a preferred claim?

The determination of this depends upon whether the medicines furnished and the medical attendance given were such as is contemplated by the act of May 24, 1834. That act provides that services and merchandise of this character furnished during the "last illness of the decedent" shall be a preferred claim. There is no limitation as to time provided by the act; the only provision being that the charge shall be for the "last illness" of the decedent. Whether or not the sickness was progressive from the first services rendered to the time of death is a question of fact to be determined from all the circumstances by the auditor.

The decedent suffered from "mitral insufficiency" which after a prolonged illness finally resulted in death. For one year and a half these services for which this claim is made were rendered for this incurable disease. While prolonged, it was certainly his last illness which finally resulted in death. During this period it was impossible, in the nature of such disease, that there could be any recovery. Under this evidence, the finding by the auditor that the claim as made was for "medicines furnished and medical attendance given" during the last illness of the decedent is justifiable and cannot be disturbed upon appeal. If the illness were prolonged through many years and the claim made for a length of time which might be unreasonable, a different question would be presented. What would be our conclusion in such a case we are not called upon here to determine. The claim for attendance for a disease of this character the auditor very properly finds is not for an unreasonable length of time.

The exception to the admission of the book of original entries because some of the visits were made and charges entered on Sunday is absolutely without merit. It would be contrary to public policy and detrimental to public health if courts should hold that people who were taken seriously ill on Sunday, calling on a physician to care for them, should not be obliged to pay for such services.

The exception to the admission of the book of original entries for indefiniteness is also without merit. The charge for "medicine" in a physician's book of original entries is as distinct and certain and definite as the law demands. Usually such medicine is a combination of several drugs in largely differing proportions. To say that such a charge would not be one recognized by the courts as a proper one unless it stated all the various drugs prescribed with the different proportions of each drug furnished in the prescription would be a construction of the law which would be absurd. The law relating to entries in a book account in commercial transactions cannot be applied with the same strictness to professional accounts such as this where nearly all medicines furnished are compounded.

Judgment affirmed.