## Wonsetler *v.* Wonsetler, Appellant.

*Evidence—Declarations—Decedent's estates.*

The effect of declarations against interest is not to be impaired by independent declarations in aid of interest unless the latter be made in presence of the adverse party.

Where a testatrix specifically bequeaths a clock, declarations that she had sold the clock to another person than the legatee are admissible as evidence for such person; but declarations not made in the presence of such person to the effect that she had not sold it are inadmissible.

*Will—Acceptance of benefits—Estoppel.*

A beneficiary of a will who accepts a provision for his benefit is estopped from disputing the validity of one to his prejudice.

In determining the question whether a legatee has refused to accept an article bequeathed to him, both the language and the conduct of the legatee

are to be considered. While the bequest vests the title in him, his refusal to accept will leave it part of the testator's residuary estate. But the refusal must be absolute and unqualified, not merely in words but in deeds. However positive the terms of refusal, they may be made ineffective by conduct inconsistent with a refusal such as acts of dominion over the property. A gift of it to another is unquestionably such an act, since it is only by virtue of the bequest that it can be thus disposed of. The true interpretation of the legatee's language and conduct is for the jury.

Argued April 21, 1903.    Appeal, No. 90, April T., 1903, by defendant, from judgment of C. P. Washington Co., Nov. T., 1902, No. 112, on verdict for plaintiff in case of W. K. Wonsetler v. D. M. Wonsetler. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Reversed.

Replevin for one clock. Before McILVAINE, P. J.

At the trial it appeared that the clock in question had been the property of Susana Wonsetler, mother of the plaintiff and defendant. Mrs. Wonsetler by her will bequeathed the clock to the plaintiff and a bureau to the defendant. At the time of the decedent's death the clock was in the possession of the defendant who claimed that he had purchased it from his mother many years before.

At the trial plaintiff made the following offer:

Plaintiff offers to prove by this witness and others, as responsive to the allegation of declarations made by the mother in favor of the defendant in this action, that she made frequent statements that the clock belonged to W. K. Wonsetler after her death.

It is objected to for the reason that no declaration of the assignor of the thing in action, that the property was hers or was not the property of D. M. Wonsetler, can affect his title unless those declarations were made in his presence.

The Court: Objection overruled and evidence admitted, and at request of defendant exception allowed and bill sealed. We think these declarations may go in as responsive to the declarations of an opposite character which the defendant alleged were made. It will be for the jury to say whether or not she made them or what she did make. [1]

Plaintiff presented these points:

4. If the jury find from the evidence that defendant di-

rected the clock to be delivered to his wife, it was such an action of control and taking possession of his legacy as would amount to an election and estop him from claiming the clock bequeathed to W. K. Wonsetler and the verdict should be for the plaintiff. *Answer :* That is affirmed, subject, gentlemen, to what we have said in our general change on this same question of election or acceptance. [2]

5. If the jury find from the evidence in this case a direction from defendant to deliver the bureau to the wife of said defendant, he cannot several months afterward revoke such an election and still retain possession of said property. *Answer :* That is affirmed, subject to what we have said in our general charge on the same subject. That is, if he made an election as a legatee under that will by directing it to be delivered to his wife instead of to himself, that election stands and he could not change it now. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions ; (3) above instructions, quoting them.

*R. W. Irwin,* with him *John C. Bane,* for appellant.—Self-serving declarations of a party in interest, or the declarations of a party who is dead, which at the time they were made were self-serving, cannot be admitted in evidence : Clever v. Hilberry, 116 Pa. 431 ; Parry v. Parry, 130 Pa. 94.

One is not bound to elect until he is fully informed of the relative value of the things he is to choose between ; and if he makes an election before the circumstances necessary to a judicious and discriminating choice are ascertained, he will not be bound : Cox v. Roger, 77 Pa. 160 ; Anderson's App., 36 Pa. 476 ; Kreiser's App., 69 Pa. 194.

*T. F. Birch,* with him *Byron E. Tombaugher,* for appellee, cited as to the admission of declarations : Deshon v. Merchants' Ins. Co., 52 Mass. 199 ; cited as to the question of election : Cox v. Rogers, 77 Pa. 160 ; Bradfords v. Kents, 43 Pa. 474.

OPINION BY SMITH, J., October 5, 1903 :
Susanna Wonsetler, mother of the parties to this suit, by her

will bequeathed the clock here in controversy to the plaintiff, while to the defendant she bequeathed a bureau and other chattels. The plaintiff claims the clock under this bequest. The defendant alleges that his mother, long before her death, sold the clock to him. The plaintiff, besides denying that such sale was made, alleges that the defendant accepted the bureau bequeathed to him, and therefore cannot question his mother's disposition of the clock. The defendant denies such acceptance.

Thus two questions arise : (1) Whether the mother owned the clock at the time of her death. (2) Whether the defendant accepted the bequest to him. If the mother owned the clock, her will vested title in the plaintiff. If the defendant owned it, the bequest to the plaintiff was a nullity, unless the defendant gave it effect by accepting the bureau, since a beneficiary of a will, who accepts a provision for his benefit, is estopped from disputing the validity of one to his prejudice.

While the mother's declarations that she had sold the clock to the defendant were admissible as evidence for the defendant, her declarations that she had not sold it present a different aspect. The former were declarations against her interest, in prejudice of her title, and of her consequent right to dispose of the property. The latter were in support of her title, and of her right of disposition. Had both been made in the course of the same conversation, or with some obvious connection, it would be necessary to consider them together, and determine how far either served to qualify the other. But they were totally distinct and unconnected. Whether the mother's declarations that she had sold were sufficient to prove the sale, was a question for the jury. But her declarations in denial of a sale were obviously self-serving, since they tended to establish her title as against the defendant. The effect of declarations against interest is not to be impaired by independent declarations in aid of interest, unless the latter be made in presence of the adverse party. Hence the declarations of the mother in support of her title, not made in the defendant's presence, were inadmissible as evidence against him. The plaintiff, indeed, does not allege title in himself through the mother's declarations, but in his statement claims only under the bequest. The first specification, therefore, is sustained.

The evidence in relation to the defendant's acceptance of the bureau bequeathed to him was properly submitted to the jury. In determining the question, both the language and the conduct of the defendant are to be considered. While the bequest vested the title in him, his refusal to accept would leave it part of the testator's residuary estate. But the refusal must be absolute and unqualified, not merely in word but in deed. However positive the terms of refusal, they may be made ineffective by conduct inconsistent with a refusal, such as acts of dominion over the property. A gift of it to another is unquestionably such an act, since it is only by virtue of the bequest that it can be thus disposed of. The true interpretation of the defendant's language and conduct in the premises was for the jury. This question, with the form of the verdict, was submitted to them with suitable instructions. The specifications relating to these are therefore overruled.

Judgment reversed and venire de novo awarded.