# Murphy *v.* McMullin, Appellant.

*Contract—Sale—Evidence—Memorandum charge—Res gestæ.*

On the trial of an issue to determine whether the defendant had or had not sold certain stock to the plaintiff, it is proper to exclude an offer on the part of the defendant of a memorandum charge handed by the defendant to his bookkeeper at the time of the alleged sale, to be followed by the books in which the charge was entered. Such a memorandum is not a part of the res gestæ, but is a secret act of the defendant of which the plaintiff had no notice, and could not be supposed to have acquiesced in by silence.

Argued Nov. 5, 1907.    Appeal, No. 127, Oct. T., 1907, by

defendants, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 133, on verdict for plaintiff in case of John Murphy v. M. K. McMullin and F. A. Clark, trading as M. K. McMullin & Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter and Stewart, JJ. Affirmed.

Assumpsit to recover the value of certain stocks pledged by the plaintiff to the defendants as collateral for a loan of $4,000. Before Young, J.

At the trial it appeared that plaintiff borrowed from defendants $4,000 and pledged certain stock as collateral for the debt. Plaintiff claimed that subsequently he paid $2,000 on account of the loan and thereafter tendered the balance due, and demanded back his collateral. The defendants, however, claimed that the $2,000 was paid, not on account of the indebtedness, but on account of a purchase of twenty shares of the Farmers' Deposit National Bank stock at the rate of $1,750 per share.

F. A. Stolzing, a witness for the defendant, being upon the witness stand, exhibit 10 having been shown him, and he having testified that he first saw the exhibit on June 22, 1903, it being handed to him by Mr. McMullin for the purpose of entering it on the books, the following offer of evidence and ruling was made. (Exhibit 10 being as follows: " John Murphy bought 20 Farmers, $1,750—$35,002.50—6-22-03.") .

Mr. Ferguson : I propose to prove by the witness on the stand that exhibit 10 came into his hands on June 22, 1903 ; that it is the ordinary charging memorandum of the office ; that it was handed to him for entry upon the books, and that upon June 22, 1903, he did enter upon the books of M. K. Mc-Mullin & Co., a charge in pursuance of this memorandum ; and I propose to produce the books in corroboration of that fact.

Objected to as incompetent and irrelevant, and not competent for the purpose of proving a special contract for the purchase of this stock. What McMullin said to the bookkeeper or directed his bookkeeper to do would be no evidence to corroborate his statements as to the sale of the stock to Mr. Murphy. And it is further objected to, because the testimony of the witness establishes the fact that the paper, whatever it may be, is not in the handwriting of the defendant. . .

Objection sustained.

To which ruling of the court counsel for the defendants except, and thereupon at their request exception noted and bill sealed. [1]

F. A. Clark, a witness on the stand, defendants' counsel offers in evidence exhibit 10, a charging memorandum made by Mr. McMullin. (Exhibit 10 being as follows: "John Murphy bought 20 Farmers $1,750—$35,002.50—6-22-03.")

Objected to as secondary evidence, and as incompetent and irrelevant, and as an attempt to corroborate the testimony of the defendant, and for the further reason that the evidence is that the paper is not in the handwriting of the defendant, except partially.

Objection sustained.

To which ruling of the court counsel for defendant excepts and thereupon, at his request, exception noted and bill sealed. [2]

Verdict and judgment for plaintiff for $3,880. Defendants appealed.

*Errors assigned* amongst others were (1, 2) ruling on evidence, quoting the bill of exceptions.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellants.

*L. K. Porter*, with him *F. H. Kennedy* and *S. G. Porter*, for appellee.

Per Curiam, January 6, 1908:

The memorandum offered as well as the books by which it was to be followed, was in defendant's own interest. It was not part of the res gestæ, for several reasons, the principal and conclusive one of which was that it was a secret act of the defendant of which the other party had no notice and therefore could not under any rule be supposed to acquiesce in by silence. The cases where such declarations or memoranda become evidence are where the claim is challenged as an afterthought and it becomes material to show that it was, as it purports to be, cotemporary with the transaction.

The other matters in the case were questions of fact for the jury.

Judgment affirmed.