## Richards, Appellant, *v.* Walp.

*Debtor and creditor—Payment—Presumption of payment—Evidence.*

The presumption of payment of a debt arises at the end of twenty years after the debt became due and demandable, and such presumption increases in strength each succeeding year afterwards. The burden of overcoming it is upon the creditor, and the sufficiency of the evidence offered is for the court.

The presumption is equal to direct proof of payment, and it will prevail until overcome by direct proof of nonpayment, or the proof of facts and circumstances from which nonpayment may be clearly inferred.

A scire facias sur mortgage was issued in 1903, to collect two installments of purchase money of $933.33 each, one due in 1876 and the other in 1877. The mortgage also secured the payment of $1,000 on the death of a widow who had a dower interest but who was living when the scire facias issued. The plaintiff offered testimony to rebut the presumption of payment, to the effect that in 1886 the mortgagor, after the death of the mortgagee intestate, leaving a husband and nine children surviving her, asked her son-in-law to aid in getting her heirs to sign off the back money due on the mortgage, and had offered to pay the heirs sums of money amounting to $600, and was told that they could not sign off because they were not of age. *Held*, that the testimony was insufficient to show that the installments of $933.33 each were not paid at the time the statement was made, since all that was said would apply as well, and even better, to the $1,000 which was then unpaid.

Argued April 13, 1908.    Appeal, No. 259, Jan. T., 1907, by defendant, from order of C. P. Luzerne Co., Oct. T., 1903,

No. 1,039; refusing to take off nonsuit in case of John T. Richards, Administrator of the Estate of Eliza Balliet, deceased, v. Hiram Walp, E. G. Tacy and Wilson Houseknecht. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Scire facias sur mortgage.   Before FERRIS, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Wm. C. Johnston,* with him *James R. Scouton,* for appellant.—Appellant contends that it was for the jury to determine what appellee meant when he was using the words " back money on the mortgage," in his attempt to arrange a settlement of money which he admitted he owed on the Eliza Balliet mortgage, and appellant further contends that this court has held that an attempt to arrange a settlement of money due on a specialty within twenty years of its date is sufficient recognition of the debt to arrest or repel the presumption of payment from lapse of time : Runner's App., 121 Pa. 649 ; Smith v. Shoenberger, 176 Pa. 95 ; O'Hara v. Corr, 210 Pa. 341.

*J. Q. Creveling,* with him *D. L. Creveling,* for appellee.— The evidence given by the plaintiff would not legitimately give rise to the inference of nonpayment of the first two installments, and the jury, without some evidence to that end, should not be allowed to guess that he meant them : Gregory v. Com., 121 Pa. 611 ; Peters's App., 106 Pa. 340 ; Beale's Executor v. Kirk's Admr., 84 Pa. 415 ; Sawyer v. Link, 193 Pa. 424.

OPINION BY MR. JUSTICE FELL, May 18, 1908 :

The question raised by this appeal is whether the proofs presented at the trial were sufficient to rebut the presumption of payment arising from the lapse of time. The proceeding was on a mortgage to collect two installments of pur-

chase money of $933.33 each, one due in 1876 and the other in 1877. The mortgage also secured the payment of $1,000 on the death of a widow who had a dower interest, but who was living when the scire facias issued in 1903.

The testimony relied upon to rebut the presumption of payment was that in 1886 the mortgagor, after the death of the mortgagee intestate, leaving a husband and nine children surviving her, asked her son-in-law to aid him in getting her heirs " to sign off the back money due on the mortgage," and had offered to pay the heirs sums of money amounting to $600, and was told that they could not sign off because they were not of age. The learned trial judge regarded this testimony as insufficient to show that the installments of $933.33 each were not paid at that time, since all that was said would apply as well to the $1,000 which was then unpaid, and a nonsuit was entered.

The debt sought to be recovered was due and demandable twenty-six years before suit was brought. The presumption of payment arose at the end of twenty years, and it had increased in strength each succeeding year afterwards. The burden of overcoming it was upon the plaintiff, and the sufficiency of the evidence offered was for the court : Reed v. Reed, 46 Pa. 239 ; Beale's Executor v. Kirk, 84 Pa. 415. " In a case like this the defendant stands upon a presumption of law, which is binding alike upon the court and jury until invalidated by proof, and the plaintiff in rebuttal upon a presumption of fact only, which he claims to arise out of the evidence ; whether or not the matters sought to be established are true is a question for the jury, but whether the facts and circumstances relied on, if true, would legitimately give rise to the presumption of fact referred to, is necessarily a question of law for the court : " Gregory v. Com., 121 Pa. 611. This presumption is equal to direct proof of payment : Sellers v. Holman, 20 Pa. 321, and it will prevail until overcome by direct proof of nonpayment or the proof of facts and circumstances from which nonpayment may be clearly inferred.

The plaintiff's testimony did not come up to this standard. The conversation testified to was seventeen years before suit brought or a demand of payment made. The mortgagor lived on the farm for twenty years, and the mortgagee and her chil-

dren lived in the same neighborhood, and no reason was shown that would account for a postponement of payment. The conversation itself had greater application to the $1,000 secured by the mortgage than to the installments, because the amount of the proposed payment was near the value of the present interest of the mortgagee's heirs in the sum to be paid after the death of the widow who had a dower interest.

The judgment is affirmed.