# Cannon, ·Appellant, *v.* Hileman.

*Payment—Presumption of payment—Will—Devise.*

1. Where a testator six years before his death executes a will by which he devises a church and lot to his daughter "until the congregation pay to my said daughter the balance due me as per settlement, and then to give a clear deed of conveyance of the church to the congregation," and a devisee of the daughter, sixty-four years after the date of the will, brings an action of ejectment against the church congregation for the lot, she is bound to overcome the presumption of payment by proof not only that no payment had been made to herself or to the testator's devisee, but also that no payment had ever been made to the testator himself during the six years that elapsed between the making of his will and his death.

2. All debts, whatever be the evidence of them, are presumed to be paid after twenty years from their maturity and this presumption grows stronger with each succeeding year.

Argued Oct. 4, 1910. Appeal, No. 72, Oct. T., 1910, by plaintiff, from order of C. P. Westmoreland Co., May T., 1907, No. 297, refusing to take off nonsuit in case of Martha Cannon v. C. C. Hileman. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for a lot in Greensburg. Before DOTY, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Charles E. Whitten* and *Paul H. Gaither,* with them *H. E. Curran,* for appellant.—Robert Brown is presumed to have known that his will would be of no force till after his death; therefore he must have intended the payment, if made at all, to be made subsequent to his death: Feather's App., 1 P. & W. 322; Irish v. Smith, 8 S. & R. 573; Jones's Est., 211 Pa. 364; Wogan v. Small, 11 S. & R. 141; Donaldson v. Pettit, 31 Pa. Superior Ct. 567.

The failure, on the part of the church, to accept the

devise and pay the condition money within a reasonable time, would be conclusive against its right to do so: Kerns's App., 120 Pa. 523; Patterson v. Martz, 8 Watts, 374.

*James S. Moorhead,* with him *M. N. McGeary, Rabe F. Marsh* and *Robert W. Smith,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

Prior to 1822, the title to the property in controversy was in Thomas Hamilton. On February 27th of that year he conveyed it to Robert Brown, the grandfather of the appellant, who claims title to it under the following clause in his will devising it to his daughter Martha: "The Reformed Church and lot in Greensburg I leave to my daughter, Martha Cannon, until the congregation pay to my said daughter, Martha, the balance due me as per settlement, and then to give a clear deed of conveyance of the church to the congregation." The will of Robert Brown was executed June 29, 1843, and sometime after his death, which occurred in 1849, it was duly admitted to probate. Martha Cannon, his daughter, who died in 1885, gave, by her will, all of her property, real and personal, to her two daughters, Mary Ann, now deceased, and Martha, the appellant. Mary Ann, who died in 1897, left all of her property by will to the appellant. The foregoing is the chain of title set up by her, and from the refusal of the court to take off the judgment of nonsuit, directed because the presumption of payment for the lot had not been overcome, we have this appeal.

When the summons in this case was issued fifty-eight years had elapsed from the death of Robert Brown. During all that long period, so far as can be gathered from the record, no effort was made by his daughter or her daughters to recover possession of the property. Sixty-four years had elapsed from the time he made the devise upon which the appellant now relies to establish her title and right of possession. But what are the admissions

of the testator, made in 1843, as they clearly appear in the devise to his daughter? They are that the Reformed Presbyterian Congregation was in possession of the lot; that a church building had been erected on it; that part of the purchase money had been paid in pursuance of some agreement to convey the lot to the congregation, and that, on a settlement made with the testator, there was a balance found to be due him. That the congregation could at any time have paid him this balance and demanded a deed for the property must be admitted. On the argument of this appeal we understood counsel for the appellant to so concede, and after the lapse of more than fifty years from the death of the testator to the institution of this suit, there is the strongest presumption that the privilege of the congregation to pay him what was due was exercised. Believing that the burden was upon her to overcome the presumption of payment, the appellant undertook to show by testimony—the sufficiency of which we need not discuss—that no payment had been made to Martha Cannon, the testator's daughter, or to either of her daughters, during the period that elapsed from his death to the institution of this suit. Assuming, as the court below did, that there was sufficient evidence to rebut the presumption of payment during that period, if believed by the jury, there was no attempt to cover the important gap from June 29, 1843—the date of the testator's will—to 1849—the year of his death. According to his admission by which his granddaughter, the appellant, is bound in this proceeding, there was due him on June 29, 1843, from the congregation on a settlement between them a balance of the purchase money for the lot. This being so, it was the right of his vendee to pay this balance to him in his lifetime, even if he failed to demand it, for it does not appear that there was any agreement between him and the congregation to pay it to his daughter, and after the lapse of nearly sixty years between his death and the attempt of his granddaughter to assert title to the lot, the presumption is that the con-

gregation exercised its right to pay him: Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312. All debts, whatever be the evidence of them, are presumed to be paid after twenty years from their maturity, and this presumption grows stronger with each succeeding year. In the present case, after the great lapse of years between the death of the testator and the attempt of his granddaughter to retake the property, the presumption is almost conclusive that the balance of the purchase money was paid to him in his lifetime. As nothing at all was offered to overcome this presumption, the nonsuit was inevitable, and the judgment of the court below in refusing to take it off is affirmed.