## Marino *v.* Vecchio, Appellant.

*Evidence—Letters—Res gestæ—Decedents' estates.*

In an action to recover certain money alleged to be due a decedent's estate, it was error to admit in evidence a letter written by the decedent stating that the defendant owed him the money. Such evidence was not competent. It was not shown that defendant had anything to do with the writing of the letter, and it was a self-serving declaration of the writer, not connected in any way with the transaction which was the basis of plaintiff's claim, but merely a statement, not under oath, of what the decedent had done.

Argued April 23, 1924. Appeal, No. 128, April T., 1923, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1920, No. 33, on verdict for plaintiff in the case of Domenico Marino, Ancillary Administrator in Estate of Alessio Rudato v. Nicola Vecchio. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for money alleged to be due decedent's estate. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $869.17, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence.

*A. Martin Graham,* of *Cunningham & Graham,* and with him *S. L. McCracken,* for appellant.—It was error to admit in evidence the letter of the decedent: Hottle v. Weaver, 206 Pa. 87; Murphy v. McMullin, 219 Pa. 506; Zollner v. Moffitt, 222 Pa. 644.

*James A. Chambers,* and with him *Thomas W. Dickey,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

Domenico Marino, the administrator of Alessio Rudato, brought this suit in assumpsit against Vecchio to recover the sum of $700. Rudato died in 1917 and this action was brought September 29, 1920. The claim of the administrator is that the decedent had given to Vecchio $700, which he was to keep for him and return on demand. There were witnesses called who testified to admissions made by Vecchio as to the indebtedness, but the principal reliance of the plaintiff was on a letter which decedent had addressed to his wife who was then living in Italy. There was nothing to bring home to the defendant knowledge of the contents of this letter or any act or word showing that he was bound by it. In this letter the decedent told his wife that he had given Vecchio, referred to not by name but as "godfather," the sum of $700 on condition that he would pay the money back whenever Rudato needed it. The court overruled defendant's objection and admitted the letter. We all agree that this was error. There is some effort made to justify the receipt of the letter as part of the res gestæ and in corroboration of certain testimony, but we cannot under any of the recognized rules of evidence find that it was competent. It was not shown that defendant had anything to do with the writing of the letter. It was a self serving declaration of the writer, not connected in any way with the transaction which is the basis of plaintiff's claim, but merely a statement, not under oath, of what the decedent had done. This bound no one. Thus in Murphy v. McMullin, 219 Pa. 506, where a sale of stock was in question, a memorandum made by defendant and handed to his bookkeeper at the time of the alleged sale was excluded, such a memorandum being not part of the res gestæ, but a secret act of defendant's of which plaintiff had no notice. See Osterling v. Allegheny Trust Co., 260 Pa. 64; Markee v. Reyburn, 258 Pa. 277.

The second assignment is sustained, and the judgment is reversed with a venire.