## McGuire v. Lawton.

*Assumpsit—Funeral expenses of defendant's wife—Promise to pay—Moral obligation—Affidavit of defence, sufficiency of.*

1. A promise by a surviving husband to pay to another an amount which the latter has voluntarily expended for expense of the wife's funeral is supported by a moral obligation, and makes the husband liable for the amount.

2. Where, in such case, the defendant avers that the wife bequeathed her property to the plaintiff and directed her to pay the expenses of the funeral, but fails to set forth a copy of the will or to aver that the plaintiff accepted the legacy and thus bound herself to pay the expenses, the affidavit of defence is insufficient and a summary judgment will be entered for the plaintiff.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Delaware Co., Dec. T., 1924, No. 1022.

*E. N. Votaw*, for motion; *Albert Morgan*, contra.

FRONEFIELD, P. J., Sept. 22, 1926.—In this suit the plaintiff seeks recovery from the defendant of sums which the plaintiff paid for doctor's bills, nurse's bills, undertaker's bill and for a cemetery lot, etc., ordered by the plaintiff, as agent for the defendant, for the wife of the defendant. There appears to be no allegation that at or prior to the time the bills were paid by the plaintiff the defendant authorized the plaintiff to pay them and promised to repay her. There is, however, the undenied allegation that they were paid by the plaintiff and that the defendant subsequently promised to repay her. These payments might have been construed as voluntary payments, and, hence, not recoverable, were it not for the subsequent promise. This subsequent promise was made within six years of the time suit was brought, which removes the bar of the statute and is supported by a moral obligation to pay: Waesch's Estate, 166 Pa. 204.

The allegation that the will of the defendant's wife bequeathed her property to the plaintiff and directed her to pay the expenses of the funeral, etc., is insufficient.

A copy of the will should have been attached to the affidavit (section 5, Act of May 14, 1915, P. L. 483), so that it could by it be determined whether or not the legacy to the plaintiff puts the burden on the legatee of paying the bills of the last illness, etc., of the deceased. Nor is there an allegation in the affidavit of defence that the plaintiff accepted the legacy and thus bound herself to pay these expenses: Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Cox v. Rogers, 77 Pa. 160.

The affidavit of defence is clearly insufficient and the rule for judgment is made absolute.          From William R. Toal, Media, Pa.