466

Steve **KOWATCH**, Plaintiff,

v.

**Otto A. RUDNIK and Eugene Boysza,
Defendants.**

Civ. A. No. 15555.

United States District Court
W. D. Pennsylvania.

April 18, 1961.

---

Frank J. Kernan, of P. J. McArdle, Pittsburgh, Pa., for plaintiff.

Eugene F. Scanlon, Cauley & Birsic, Pittsburgh, Pa., for defendant, Rudnik.

Frank J. Brown, Jr., of Challener & Challener, Pittsburgh, Pa., for defendant, Boysza.

MARSH, District Judge.

In this diversity action, the plaintiff Kowatch was a guest passenger in an automobile owned and operated by the defendant Boysza. The Boysza car collided head on with an automobile owned and operated by the defendant Rudnik. The plaintiff did not attend the trial because of illness.

Defendant Rudnik, called on behalf of plaintiff for cross-examination, testified that driver Boysza was on the wrong side of the road and caused the collision; Mrs. Boysza, called for plaintiff, gave testimony from which it could be inferred that Rudnik was on the wrong side of the road and caused the collision. In defense, Boysza and Mrs. Boysza testified in effect that Rudnik was the negligent cause of the accident. Admissions exculpating the defendant Boysza, made by the plaintiff in a deposition, were admitted in evidence on behalf of Boysza. The jury returned a verdict in favor of the plaintiff and against both defendants.

Both defendants moved for a new trial. Rudnik withdrew his motion. Boysza pressed the following reasons:[1]

1. The joint verdict against both defendants was inconsistent.

2. Exclusion of Exhibits E and F was error.

■ In my opinion the verdict against both defendants was not inconsistent. The evidence supported the finding of the jury that both defendants were negligent and that the negligence of each was a proximate cause of the accident and injuries to plaintiff. Antonelli v. Tumolo, 1957, 390 Pa. 68, 132 A.2d 285.

The defendant Boysza offered in evidence Exhibits E and F, two extrajudicial statements signed by the plaintiff (T., pp. 229, 230, 230G, 230H). The contents of each were written by an investigator for Boysza (T., pp. 230I, 230J). These exhibits were offered for the purpose of proving admissions against interest (T., pp. 230A, 230H), i. e., that plaintiff admitted extrajudicially that Boysza was not the negligent cause of the accident.

■ Objections by the defendant Rudnik (T., p. 230A) were sustained (T., p. 230K). In my opinion the rulings were correct. Each of these exhibits also contained statements that the defendant Rudnik was on the wrong side of the road and contained opinions or conclusions that Rudnik was at fault.[2] Since the plaintiff did not testify, Rudnik did not have any opportunity to cross-examine him with respect to those statements and conclusions which were highly prejudicial to Rudnik. These opinions and conclusions would have been objectionable testimony, and plaintiff would not have been permitted to state them even if he had taken the stand as a witness. 20 Am.Jur., Evidence § 765, see also § 548. The factual statements were pure hearsay evidence and inadmissible as to Rudnik. 20 Am.Jur., Evidence §§ 451, 452, 558; Dempsey v. Dobson, 1896, 174 Pa. 122, 34 A. 459, 32 L.R.A. 761; Engemann v. Colonial Trust Co., 1954, 378 Pa. 92, 99, 105 A.2d 347, 48 A.L.R. 2d 858. Defendant Boysza did not attempt to separate the plaintiff's admissions against his own interest from the prejudicial statements, opinions and conclusions, hearsay and self-serving in nature, which affected Rudnik, but offered each exhibit in its entirety (T., p. 230E). I do not think it was the function of the court to separate the good from the bad. Purcell v. Metropolitan Life Ins. Co., 1940, 336 Pa. 588, 592, 10 A.2d 442.

Later in the trial, Boysza succeeded in reading into evidence from the plaintiff's deposition his admissions against interest which were substantially similar to those contained in the excluded exhibits (T., pp. 257–263). Boysza offered plaintiff's entire deposition into evidence (T., p. 151A), but on Rudnik's objection, this was refused (T., p. 151C) because Rudnik had not been notified of the taking thereof pursuant to Rule 30(a), Fed. R.Civ.P., 28 U.S.C.A., nor was his counsel aware until the trial that it had been filed (T., p. 151B).

1. Defendant's brief, p. 5.

2. Some of the statements contained in the exhibits are:

"I then saw the [Rudnik] car sort of swerve right, as if to go off the road to the right. The car then came straight at us at an angle. Eugene [Boysza] had no place to turn away from the other car. He [Boysza] applied the brakes and we were almost stopped when hit. * * I feel Eugene Boysza did all he could to prevent this accident & I consider he is a careful driver. * * * I feel the driver of the other car [Rudnik] is liable for this accident." (Exhibit E).

"I was injured when a car, a 1955 Ford, driven by Otto A. Rudnik, of Boltz Penna., came completely to our side of the road and hit our car head on, when we were almost to a stop, and only about 12 inches from our right curb. * * * I don't know what caused Rudnik to drive on our side of the road. * * * Eugene Boysza is a good driver, and has never given me any cause for concern, while riding with him. * * * Otto Rudnik is entirely to blame for the accident, and Eugene had no chance to avoid the accident." (Exhibit F).

However, over the objection of the defendant Rudnik (T., p. 151D), the court permitted Boysza's counsel to read into evidence [3] statements contained in plaintiff's deposition which tended to exculpate Boysza of any negligence. The jury was instructed that these admissions of plaintiff were taken under oath (T., pp. 256, 257, 266) and tended to exculpate Boysza from fault (T., pp. 266, 267, 331).

Thus, the plaintiff's admissions against interest were before the jury for consideration. In addition, the defendant Boysza and Mrs. Boysza testified to facts showing that Rudnik was entirely to blame and that Boysza drove his car in a careful manner and was not responsible for the collision. Since the jury failed to give credence to plaintiff's admissions made under oath or unqualified credence to the testimony of Boysza and his wife, it could hardly be expected that plaintiff's extrajudicial admissions written by Boysza's investigator would have been accorded any greater weight. Even if it was error to exclude Exhibits E and F, I do not think Boysza was prejudiced.

■ In addition, plaintiff objected to the admissibility of Exhibits E and F because they had not been exhibited and marked at the pretrial conference either as substantive evidence or as impeaching evidence. See Local Rule 5–II–G.[4] Plaintiff and Rudnik pleaded surprise (T., p. 230K), and Boysza did not request a continuance in order to amend the pretrial order.

It would have been a simple matter for Boysza to have obtained an amendment to the pretrial order prior to trial by showing the exhibits to counsel for plaintiff and defendant Rudnik and marking them as exhibits for introduction as part of Boysza's defense.[5] This would have enabled the plaintiff and Rudnik to decide whether to ask for a continuance or to take a further deposition of plaintiff before going to trial. Boysza violated the pretrial rule by failing to disclose the contents of Exhibits E and F to plaintiff and defendant Rudnik prior to trial, and the objection was properly sustained on this ground. Globe Cereal Mills v. Scrivener, 10 Cir., 1956, 240 F. 2d 330, 335.

Boysza mentions in his brief that a new trial should be granted because the verdict was against the weight of the evidence, i. e., that the admissions made by plaintiff exculpating Boysza " 'possess high evidentiary value.' " As I see it, the unusual method by which the evidence was presented posed problems involving credibility and reconciling conflicting evidence. It was for the jury to evaluate the evidence offered on behalf of the plaintiff and the evidence offered on behalf of the defendant Boysza, including plaintiff's admissions. Depending on what the jury believed, the evidence in the case was sufficient to sustain a verdict against Boysza, or against Rudnik, or against both.

■ Passing upon credibility and reconciling evidence pertaining to negligence is the peculiar province and function of the jury. Upon reweighing the evidence, I am unable to say with certainty that Rudnik's version of the accident was entirely false. Neither can I say that the verdict was against the clear weight of the evidence. Ordinarily the weight of the evidence in a case presenting conflicting testimony is for the jury,

3. Rudnik's counsel agreed that the admissions of plaintiff could be read from the deposition instead of calling the reporter Aul to testify concerning them (T., p. 151P).

4. The exhibits were in Boysza's possession long before the pretrial conference; Rule 5–II–G requires that if a party intends to use a document as substantive evidence that it be exhibited to the other parties, or if intended for use as impeachment that it be exhibited to the pretrial judge in camera. See: Bogatay v. Montour Railroad Co., D.C.W.D.Pa. 1959, 177 F.Supp. 269. Boysza did neither.

5. Boysza argues that this was done before another judge, but the record does not bear him out; the pretrial order was not amended.

Railway Supply & Mfg. Co. v. Shawnee-Penn Mfg. Co., Inc., 3 Cir., 1958, 255 F.2d 686 (No. 2), and because the jury could have drawn different conclusions from the evidence than they did, or might properly have reached a different verdict, or even that the trial judge would have reached a different conclusion from that of the jury, are not grounds for granting a new trial. It is my view that the weight of the evidence was not clearly or decidedly in conflict with the verdict; in other words, the verdict was not so contrary to the evidence as to make the award of a new trial imperative so that right may be given an opportunity to prevail. I am unable to say that the jury obviously disregarded the credible evidence in rendering its verdict. Cf. Lind v. Schenley Industries, Inc., 3 Cir., 1960, 278 F.2d 79; Zegan v. Central Railroad Company of New Jersey, 3 Cir., 1959, 266 F.2d 101.

An order will be entered denying Boysza's motion for a new trial.