## Ulansey, Appellant, *v.* Juniata Park Medical Center, Inc.

Argued January 4, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Bernard N. Katz,* with him *Meranze, Katz & Spear,* for appellant.

*Martin A. Ostrow,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 13, 1962:

On April 9, 1956, plaintiff-appellant, Glenn F. Ulansey, a Doctor of Osteopathy, and defendant, Juniata Park Medical Center, Inc., entered into an agreement whereby plaintiff was engaged as the director of defendant's Department of Physical Medicine. Thereafter, a dispute arose between the parties as to the amount of money owed to plaintiff by defendant under the aforesaid agreement. The agreement contains a

provision* requiring submission of all disputes concerning the construction or performance of the agreement to arbitration.

The dispute was referred to a panel of three arbitrators. After hearing evidence and arguments by both parties, the Board of Arbitration unanimously rendered a decision on July 20, 1961. It found defendant was indebted to plaintiff in the amount of $13,146.45 and directed defendant to make payment. Defendant refused to honor or abide by the award. Accordingly, plaintiff filed a Petition and Rule in the Court of Common Pleas of Philadelphia County to confirm the award and enter judgment pursuant to the provisions of §9 of the Act of April 25, 1927.** Defendant filed an Answer and also a Motion to Modify, Correct or Resubmit the matter to the Board of Arbitrators. Defendant's sole basis for refusing to honor the award was its contention that the Board had improperly excluded from evidence a letter dated May 26, 1960, and signed by its president, and that such exclusion constituted prejudicial error.

The case was heard before Court of Common Pleas No. 4 which filed an Order directing resubmission of the matter to the Board of Arbitrators for the purpose

---

* "8. It is agreed that all claims or disputes arising by reason of this Agreement or operations thereunder shall be determined by arbitration. ULANSEY and the administrator of THE MEDICAL CENTER shall mutually agree upon an arbitrator whose award shall become final and binding. In the event that the parties cannot agree upon an arbitrator, the dispute shall be submitted to the American Arbitration Association for designation of an arbitrator. Determination by the arbitrator shall be based entirely upon the terms of this Agreement and procedure in accordance with the rules of the Amercan Arbitration Association. It is agreed that this arbitration shall be held in the City of Philadelphia, Pennsylvania, and that *the award of the arbitrator shall be final and binding upon all parties.*" (Italics ours.)

** P. L. 381, 5 PS §169.

of hearing "legally competent evidence of the matters mentioned in the letter of May 26, 1960." Following the refusal of plaintiff's motion for reargument this appeal was taken.

The sole question raised by the appeal is whether the exclusion by the Board of Arbitrators of this letter was an error of law within the meaning of §11 of the Act of April 25, 1927, supra, 5 PS §171,* and justifies setting aside or reopening or resubmitting the award of the arbitrators.

The letter in question sets forth at length defendant's contentions and supports them by financial and other statements allegedly contained in its records and states that the only amount owed by defendant to plaintiff was $1,053.79. The letter was unquestionably self-serving and was an attempt to prove its case without witnesses or any opportunity for cross-examination by plaintiff. Such self-serving declarations would be inadmissible in a Court of law. In *Engemann v. Colonial Trust Co.*, 378 Pa. 92, 105 A. 2d 347, we aptly said (page 99) : "The general rule is that verbal or written statements or declarations which are self-serving and are made in the absence of the other party to the transaction are inadmissible under the Hearsay Evidence Rule: Emmons v. McCreery, 307 Pa. 62, 160 A. 722; 31 C.J.S., §216, page 948; Henry on Evidence, 4th Ed., §475; Marino v. Vecchio, 83 Pa. Superior Ct. 377; Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Hunter, Pennsylvania Orphans' Court Commonplace Book, Vol. I, 'Evidence', §2, page 415."

---

* This section provides pertinently: "In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration: . . . (d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict. The court may modify and correct the award or resubmit the matter to the arbitrators."

If defendant had desired to prove the accuracy and truth of its statements and contentions it should have done so by the production of its financial records—which the letter in question admits are in its possession—and by the testimony of its officers and employees. Defendant was given every opportunity to offer competent testimony and evidence to prove the truth of the matters stated in its letter. No complaint is made that it was prevented from or unable to offer such evidence.

While an Arbitrator or a Board of Arbitrators is not bound by the rules of evidence, the rejection of this letter by the Board was not an "error of law" within the meaning of §11 of the Act of 1927, supra, but even if so considered it was not such a prejudicial error as to justify setting aside or reopening the award, or resubmitting the matter to the arbitrators. To allow the loser in an arbitration award to raise questions such as the one presented by the instant case would virtually nullify the salutary reasons for and the purpose of arbitration and would effectually destroy the desirability and the efficacy of arbitration.

Order of the lower Court reversed and record remanded with directions to enter an Order in conformity with the prayer of plaintiff's Petition.