## Boeing Co. v. Commonwealth, Department of Transportation

*Murray S. Eckell* and *Ronald J. Klimas*, for plaintiffs.

*George Bristol*, Assistant Attorney General, for Commonwealth.

DEFURIA, J., June 25, 1973.—After an award by the jury of view, the condemnee, Boeing Co., appealed, as did the Commonwealth of Pennsylvania, the condemnor.

The Commonwealth appealed not only generally, i.e., from the award, but also specifically by means of objections to findings of fact and conclusions of law of the jury of view.

The Eminent Domain Code requires the court to determine objections, other than to the amount of the award, preliminarily, by confirmation, modification or remand. The court's order is a final order: Eminent Domain Code of June 22, 1964, P. L. 84, sec. 516, as amended, 26 PS §516. The appeal from the award, of course, is de novo, and forms no part of the present issues.

The condemnee filed a motion to strike and/or

quash the Commonwealth's appeal from the report of viewers contending that such appeal is related to evidence and rulings thereon and thus is not a proper subject of "objections" to the report of viewers.

The Commonwealth filed an answer. The parties submitted both issues, condemnor's preliminary objections to the report and condemnee's motion to quash, at argument court and agreed that this court shall resolve both issues.

The central issue here has been simmering in condemnation proceedings for some time. It is the issue of the "Uncalled Higher Appraiser." May he be subpoenaed and forced to testify by the other side? Here, the condemnee did subpoena such appraiser and the jury of view compelled him, over objection, to testify as to the amount of his appraisal.

The condemnee's estimate was $2,065,089; the Commonwealth's figure was $1,269,800; the award was for $1,906,700. The subpoenaed Commonwealth's appraiser's figure was not mentioned at argument, but it was much lower than the award.

After hearing before the viewers, the Commonwealth filed requests for findings of fact and conclusions of law concerning the compulsion of opinion testimony. The viewers made their rulings thereon part of their report. *It is to these rulings, that opinion testimony could be compelled and considered, that the Commonwealth filed objections.*

The Commonwealth now urges this court to overrule the jury of view, i.e., to rule that opinion testimony may not be compelled or considered, to remand to the viewers for rehearing without consideration of such testimony, and to make a new award, which this court will then consider on the Commonwealth's present appeal de novo.

This tortuous procedure is suggested because the

Commonwealth is aware that rulings on the evidence by the viewers are not reviewable by the court of common pleas on "preliminary" objections.

Prior to the Eminent Domain Code of 1964, the use of *exceptions* was permitted to attack the legality or regularity of jury of view proceedings. The 1964 code now permits *objections* for these purposes: 26 PS §516(a)(4).

However, exceptions to the introduction of incompetent evidence were not permitted. See Snitzer, §517-1,4 and many cases cited.

The new code adopts the same substantive law under "objections," a mere change in terminology. See Comment, section 516:

"Subsection (a)(4) is intended to cover what formerly were exceptions. 'Objections' is not intended to mean objections to rulings on evidence, competency, etc.; it means objections to the report."

Exceptions were limited to procedural matters or questions of law basic to the inquiry: Lakewood Memorial Gardens, Inc. Appeal, 381 Pa. 46, 51 (1955), but not to the admission of incompetent testimony: Myeers' Petition, 18 D. & C. 757, 758 (1932), nor to the refusal to permit an owner to testify to value: Guy v. Urban Redevelopment Authority, 116 Pitts. L.J. 201 (1968).

The Commonwealth concedes that rulings on evidence are not subject to objections, but sees a distinction when the same issue is raised by objection to findings of fact or conclusions of law in the viewers' report. We fail to see the distinction.

The code merely provides:

"Section 511(9)—Report of Viewers. The Report shall include their rulings on any written requests for findings of fact and conclusions of law submitted to them."

The code does not provide for objections to the viewers' findings, nor does it require the viewers to include their rulings on evidence. A finding of fact or a conclusion of law concerns substantive not procedural matters, and concerns a fact or legal conclusion developed from the evidence. See Ulansey v. Juniata Park Medical Center, Inc., 406 Pa. 389 (1962).

This court cannot consider rulings on the evidence made by the viewers, whether at the hearing or in their findings. What the court cannot do directly, it cannot do by the circuitous route of objections to findings. Nor may a party ask for a finding in order to object to a ruling on evidence.

In passing, we note that the so-called "compelled testimony," although considered by the viewers, appears to have had no effect on their award, and, if erroneous, may fit the category of "harmless error."

As an alternative, in the event this court refuses to remand, the Commonwealth requests that we make a legal determination as to objections to the viewers findings. This we refuse to do. A court must neither seek out issues nor decide them in vacuo. Nowhere does the code provide for such action by the court on preliminary "objections." The court may confirm, modify, change or remand only: Section 516(b), supra.

The Commonwealth must await resolution of the ruling on evidence problem at the de novo trial on the appeal, if such testimony is offered then by the condemnee.

For the reasons above, the objections of the Commonwealth must be dismissed, and the actions of the jury of view confirmed. For the same reasons, the motion of the condemnee to strike or quash the condemnor's appeal qua objections to the viewers findings of fact and conclusions of law must be sustained.

Wherefore, we enter the following

## ORDER

And now, June 25, 1973, the Commonwealth's objections to the findings of fact and conclusions of law of the jury of view are dismissed, and the viewer's report confirmed: the condemnee's motion to strike or quash the condemnor's objections is sustained; said objections are striken; and the appeals of each party to the award shall proceed to trial.